O’CONNELL, Justice.
This is an appeal from a declaratory decree of the Circuit Court, Duval County, which decree held Chapter 25806, Laws of Florida, Special Acts of 1949, to be unconstitutional.
Sarah Bryan, the Appellee here was the plaintiff in the trial court. She is presently serving as Justice of the Peace in the 2nd Justice of the Peace District, Duval County. The Appellants, who were defendants in the court below, are all the other Justices of the Peace, all the Constables, and the members of the Board of County Commissioners, Duval County. The State Attorney, Fourth Judicial Circuit, in and for Duval County was also a defendant and is an Appellant here.
The decree appealed from, both as to form and content, reflects credit on the Chancellor who drew it. Rather than to attempt paraphrasing it, we repeat the essential parts here:
“ * * * It is contended and argued by the plaintiff that said Chapter 25806 does violence to the provisions of Section 21, Article V of the Florida Constitution [F.S.A.] Section 21, Article V of the Constitution was amended at the General Election in 1944; and the amendment then adopted supersedes entirely the prior provisions of said Section 21, Article V (Wilson v. Crews, [160 Fla. 169] 34 So.2d 114). Section 21, Article V, now r.eads as follows:
‘Justice districts and justices of the peace- There shall be not more than five Justice Districts in each county, and there shall be elected one Justice of the Peace for each Justice District, who shall hold office for four years. Existing Justice Districts are hereby recognized, but the Legislature may, by special Act, from time to time change the boundaries of any such District now or hereafter established, and may establish new or abolish any such District now or hereafter existing. Provided, however, that any such changes shall be submitted to the people of any county so affected, by referendum at the next ensuing general election.’
“Chapter 25806, here under attack, was enacted into law at the regular session of the Legislature in 1949. This Chapter, omitting the title, contains the following provisions:
‘Section 1. That on and after the first Tuesday, after the first Monday of the year 1953 all existing Justice of the Peace Districts in Duval County, Florida, are abolished, and there shall be five Justice of the Peace Districts in Duval County, Florida.
‘Section 2. The boundaries of said five Justice of the Peace Districts shall be determined and defined by the Board of County Commissioners within thirty days after the ratification of this Act as provided in Section 3 hereof.
‘Section 3. This Act shall not become effective until and unless the same be ratified by a majority of the qualified electors of Duval County, Florida, voting at the General Election to be held in the year 1950. The Board of County Commissioners of Duval County, Florida, shall give notice by publication in a newspaper of general circulation published in Duval County, Florida, once each week for four consecutive weeks, four publications being sufficient, beginning not more than sixty days prior to said election, that the question of approving or rejecting this Act will be voted on in said election, and shall cause the question of whether or not this Act shall be approved or rejected to be printed on the ballot to be used in said election so that each elector may have the opportunity to vote on said question. The ballots shall be counted, certified *603 and canvassed under the laws governing general elections of this State so far as the same are applicable and immediately after the canvassing of the votes of said election the Board of County Commissioners shall determine from said canvass whether or not a majority of the electors voting in said election voted for or against the ratification of this Act and shall proclaim the results and enter the same upon the Minute Books of said Board of County Commissioners.
‘Section 4. This Act shall not prohibit the Board of County Commissioners of Duval County, Florida, from redefining Justice of Peace District boundaries.
‘Section 5. All laws or parts of laws in conflict herewith are hereby repealed.
‘Section 6. This Act shall take effect immediately upon its becoming a law subject to the provisions for the referendum herein provided.’
“It is admitted that the Board of County Commissioners complied with the mandates of the Act in that said Board caused the question of approving or rejecting the Act to be submitted at the General Election held in the year 1950. At the referendum election in 1950, on the question of approval or rejection of the Act, the Act was approved and, thereafter, in accordance with the requirements of said Chapter, the Board of County Commissioners proceeded to define the boundary lines of five separate and distinct Justice of Peace Districts within the county and did assign to each such district a number, numbering them from 1 to 5, inclusive.
“Section 21, Article V of the Constitution provides that there shall be not more than five justice districts in each county; that Justice of Peace Districts existing at the time of the adoption in 1944 of the amendment are recognized. However, there is contained in said Section 21, Article V this language:
‘but the Legislature may, by special Act, from time to time change the boundaries of any such District now or hereafter established, and may establish new or abolish any such District now or hereafter existing. Provided however that any such changes shall be submitted to the people of any county so affected, by referendum at the next ensuing general election.’
“The procedure authorized and required by said Chapter 25806 is in direct conflict with the mandates of that provision of the Constitution pointed out above, that ‘any such changes shall be submitted to the people of any county so affected’. This clearly was not done since the people of Duval County did not have the opportunity to vote on ‘stick changes’. Then again, Section 4 of said Chapter 25806 which provides, ‘That this Act shall not prohibit the Board of County Commissioners of Duval County, Florida, from re-defining Justice of the Peace Districts’, by implication attempts to restore to the County Commissioners that power which had been given to the County Commissioners under the old Section 21, Article V, which was amended and superseded by the adoption of the amendment in 1944.
“In opposition it is argued that the statute here under attack provides a lawful delegation of the powers of the legislature to the County Commissioners to perform mere physical or administrative acts. Such a construction would run counter to the plain language of the Constitution which requires any changes, not only of the boundaries of the district, but also the establishment of new districts and the abolishment of districts, be submitted to referendum.
“The Court, therefore, Finds, Declares, Adjudges and Decrees as follows: * * *
*604 “2. That Chapter 25806, Special Acts of the Legislature 1949, is unconstitutional and invalid in that it contravenes the express language of Section 21, Article V of the Florida Constitution.
“3. That the nine Justice of the Peace Districts existing in Duval County prior to the adoption of Section 21, Article V, are the legally constituted ' Justice of the Peace Districts of Duval County, today. * * * ”
The appellants contend that the statute is not unconstitutional. They contend that: (1) the delegation by 'the Legislature to the County Commissioners ■ of the duty of defining the boundaries of the several Justice of Peace Districts was not an unconstitutional delegation of power; (2) the fact that the boundaries of the Districts had not been defined by the County Commissioners prior to the referendum on the Act does not render the Act unconstitutional, and (3) the trial court committed error in decreeing that the nine Justice of the Peace Districts which existed in Duval County prior to the adoption of Section 21, Article V of our State Constitution are the legally constituted Districts.
As to the latter point appellants contend that even though Section 2 of the Act be declared invalid, the remainder of the Act should be upheld. This contention would, if followed, have the effect of reducing the districts in number from nine to five, but would-leave the districts without boundaries. It is contended by appellants that under this plan the five Justices of the Peace could exercise concurrent jurisdiction throughout the- County. We recognize it to be the duty of the courts to uphold any part of the Act, if that which is left is a workable statute within the legislative intent, but cannot conclude that after striking down Section 2, the remainder of the Act would be a workable statute within the legislative intent. It is ápparent that the legislature intended five districts, each having jurisdiction only within certain boundaries.
We have carefully examined all of the appellants’ contentions and the decree appealed from. We find no error in the decree, and it is accordingly
Affirmed.
DREW, C. J., and TERRELL, THOMAS, HOBSON, ROBERTS, and TPIORNAL, JJ., concur.