343 So.2d 35 (1977)
STATE of Florida, Appellant,
v.
Ruben Levern WILLIAMS, Appellee.
No. 49320.
Supreme Court of Florida.
February 25, 1977.
*36 Robert L. Shevin, Atty. Gen., and Richard W. Prospect, Asst. Atty. Gen., for appellant.
William C. McLain, Asst. Public Defender, for appellee.
ADKINS, Justice.
This cause is before us on direct appeal to review the order of the County Court in and for Alachua County which passed on the constitutionality of Section 27.56, Florida Statutes. We have jurisdiction pursuant to Article V, Section 3(b)(1), Florida Constitution.
Appellee was charged with resisting arrest without violence. To this charge he pled not guilty and received a trial by jury. By virtue of his indigency, appellee received the services of the public defender of the Eighth Judicial Circuit. Upon completion of his trial, appellee was found guilty as charged and placed on probation for one year.
A motion to assess attorney's fees was filed. The trial court denied the motion and held Section 27.56, Florida Statutes, to be unconstitutional.
Section 27.56, Florida Statutes, reads as follows:
"(1) There is hereby created a lien, enforceable as hereinafter provided, upon all the property, both real and personal, of any person who is receiving or has received any assistance from any public defender of the state. Such assistance shall constitute a claim against the applicant and his estate, enforceable according to law in an amount to be determined by the court in which such assistance was rendered. Immediately after such assistance is rendered and upon determination of the value thereof by the court, a statement of claim showing the name and residence of the recipient shall be filed for record in the office of the clerk of the circuit court in the county where the recipient resides and in each county in which such recipient then owns or later acquires any property. Said liens shall be enforced on behalf of the state by the several public defenders, and shall be utilized to reimburse the state to defray the costs of the public defender system. The lien herein created shall be a continuing obligation, irrespective of any statute of limitations.
"(2)(a) In lieu of the procedure above described, the court is authorized to require that the recipient of the public defender's *37 services execute a lien upon his real or personal property, presently-owned or after-acquired, as security for the debt created hereby for the value of the services rendered or to be rendered by the public defender. Such lien shall be recorded by the public defender in the public records of the county at no charge by the clerk of the circuit court and shall be enforceable in the same manner as mortgages.
"(b) The board of county commissioners of the county wherein the recipient is tried is authorized to enforce, reduce to judgment, satisfy, compromise, settle, subordinate, release, or otherwise dispose of any debt or lien hereby imposed.
"(c) The public defender is authorized to contract with a collection agency for collection of such debts or liens, provided the fee for such collection shall be on a contingent basis not to exceed 50 percent of the recovery. However, no fee shall be paid to any collection agency by reason of foreclosure proceedings against real property or from the proceeds from the sale or other disposition of real property.
"(d) No lien thus created shall be foreclosed upon the homestead of such recipient.
"(3) The court having jurisdiction of the defendant-recipient, may, at such stage of the proceedings as the court may deem appropriate, determine the value of the services of the public defender, at which time the defendant, after adequate notice thereof, shall have opportunity to be heard and offer objection and to be represented by counsel, with due opportunity to exercise and be accorded the procedures and rights provided in the laws and court rules pertaining to civil cases at law." (Emphasis supplied.)
In finding the statute to be unconstitutional, the lower court concluded that (1) it provides the judgment debtor only the homestead exemption and not the array of other debtor exemptions such as the constitutional exemption of personalty, and the statutory exemptions of wages and disability benefits, and (2) it removes the lien created thereby from the operation of the statute of limitations creating a perpetual lien against the defendant's real and personal property and estate.
A Kansas recoupment statute which denied certain exemptions to judgment debtors which were allowed to other debtors was struck down by the United States Supreme Court as a violation of the Equal Protection Clause. James v. Strange, 407 U.S. 128, 92 S.Ct. 2027, 32 L.Ed.2d 600 (1971). An Oregon recoupment statute, which did not suffer from the infirmities of the Kansas statute, was held to be constitutional. Fuller v. Oregon, 417 U.S. 40, 94 S.Ct. 2116, 40 L.Ed.2d 642 (1974).
The lower court sub judice reasoned that, since only the homestead exemption was specifically mentioned in the Florida Statutes, the remaining exemptions allowed other debtors were not available to the judgment debtors under this statute. We disagree with this interpretation of the statute. A careful reading of the statute discloses that the lien created by its operation is to be "enforceable according to law." It is a well established rule of construction that the intent of the legislature as gleaned from the statute is the law. Small v. Sun Oil Co., 222 So.2d 196 (Fla. 1969). It is apparent that the intent of the Legislature regarding the statute herein is to provide a method of recoupment which is within the guidelines set forth by both the United States and Florida Constitutions. Therefore, in keeping with the established maxim of statutory construction that courts have the judicial obligation to sustain legislative enactments when possible, North Port Bank v. State Dep't of Revenue, 313 So.2d 683 (Fla. 1975); State v. Aiuppa, 298 So.2d 391 (Fla. 1974), we find that judgment debtors are afforded all exemptions which other debtors receive and, therefore, that the statute does not run afoul of the rule established in James v. Strange, supra.
The second issue is whether the removal of the provisions of the statute of limitations from the lien creates a situation whereby the judgment debtor is held to a *38 different standard of indebtedness than the ordinary debtor. This on its face is a violation of the Equal Protection Clause in that similarly situated persons, i.e., debtors, are not treated in a similar fashion since only the judgment debtors under Section 27.56, Florida Statutes, are to be perpetually liable for the debts incurred under this statute. This singular constitutional violation is not, however, sufficient to make invalid the entire content of the statute.
This Court has long held that where certain clauses, provisions, or sections of a stautory enactment are in violation of constitutional mandates, it does not necessarily follow that the whole enactment should fail. Therefore, the Court may sever the unconstitutional provision and uphold the remainder if that which is left is complete in itself, sensible, and capable of being executed, whether or not the enactment contains a severability clause. State ex rel. Boyd v. Deal, 24 Fla. 293, 4 So. 899 (1888); Gwynn v. Hardee, 92 Fla. 543, 110 So. 343 (1926); Louis K. Liggett Co. v. Lee, 109 Fla. 477, 147 So. 463, 149 So. 8 (1933); City of Daytona Beach v. Harvey, 48 So.2d 924 (Fla. 1950); Youngblood v. Darby, 58 So.2d 315 (Fla. 1952); Harris v. Bryan, 89 So.2d 601 (Fla. 1956); Cramp v. Board of Public Instruction of Orange County, 137 So.2d 828 (Fla. 1962); Davis v. State, 146 So.2d 892 (Fla. 1962); Musleh v. Marion County, 200 So.2d 168 (Fla. 1967); Small v. Sun Oil Company, 222 So.2d 196 (Fla. 1969).
We therefore strike as being unconstitutional the last complete sentence of subsection (1) of Section 27.56, Florida Statutes, which reads as follows:
"The lien herein created shall be a continuing obligation, irrespective of any statute of limitations."
The legislative intent is thereby accomplished.
In summary, we hold that (1) judgment debtors under Section 27.56, Florida Statutes, are allowed the same exemptions as other debtors, and (2) that the perpetual lien created by the statute is unconstitutional. Therefore, by deleting the last sentence of subsection (1) (that portion of the statute which alone creates the constitutional invalidity,) the remainder of Section 27.56, Florida Statutes, is hereby held constitutionally valid.
The order of the trial court is reversed and the cause is remanded for further proceedings in accordance with these views.
OVERTON, C.J., and BOYD, ENGLAND, SUNDBERG, HATCHETT and KARL, JJ., concur.