Ernest Ellison Auditor General Tallahassee
QUESTIONS:
1. Does s. 215.85, F. S., authorize the use of a telephone call to initiate the transfer of county funds between accounts of the county maintained within the same county depository?
2. Does s. 215.85, F. S., authorize the use of a telephone call to initiate the transfer of county funds from a savings account maintained by the county in a savings and loan association to a checking account maintained by the county in a county depository?
3. Does s. 215.85, F. S., authorize the use of a telephone call to initiate the transfer of county funds from a checking account maintained by the county in a county depository to a savings and loan association?
SUMMARY:
In the absence of statutory authorization or direction, transfers of county funds between county accounts in depositories or savings and loan associations may not be telephonically initiated; such transfers must be accomplished by written check or warrant as prescribed in ss. 136.04 and 136.06, F. S. Accordingly, the use of any electronic or other medium for the disbursement or payment or transfer of county funds is limited to the precise purposes authorized by ss. 136.06(2) and 215.85(5), F. S.
Since your questions are interrelated, they will be answered together.
In AGO 079-7, this office considered the same questions presented by the instant inquiry. In that opinion, your questions were answered as follows:
 A board of county commissioners is not authorized by law to telephonically initiate the transfer of county funds from demand accounts and time deposit accounts maintained in the same county depository, or to telephonically initiate the transfer of funds from a demand account in the county depository to a savings account in a savings and loan association, or to telephonically initiate the transfer of funds from a savings account in a savings and loan to a demand account in a county depository.
Your letter suggests, however, that you wish to have these conclusions reexamined in light of the enactment of Ch. 78-406, Laws of Florida. Section 6 of that act amended s. 136.06, F. S., to add subsection (2) thereto, reading as follows:
 For the purpose of providing for the direct deposit of funds under the circumstances herein specified, each board or county officer authorized by law to issue checks or warrants
for the withdrawal of money from a depository qualified under the provisions of this chapter is authorized to establish the form or forms of warrants for the withdrawal, payment, or disbursement of money out of such qualified depository and to change the form thereof from time to time as such board or officer deems appropriate. If authorized in writing by the payee, such warrants may provide for direct deposit of the funds to the account of the payee in any financial institution which is designated in writing by the payee and which has lawful authority to accept such deposits. The written authorization of the payee shall be filed with the appropriate board or county officer. Direct deposit of funds may be by any electronic or other medium approved by such board or officer for such purpose. (Emphasis supplied.)
An examination of this subsection shows that its purpose is to provide for the `direct deposit of funds under the circumstancesherein specified' (Emphasis supplied.), and, for that purpose, to authorize the establishment of the form of the warrants providing for the direct deposit of funds to the account of the payee of such warrants. The circumstances so specified state that `[i]f authorized in writing by the payee, such warrants may provide for the direct deposit of the funds to the account of the payee in any financial institution which is designated by the payee . . . .' (Emphasis supplied.) Thus, the direct deposit of funds to theaccount of a payee may be accomplished by `any electronic or other medium approved by such board or officer for such purpose.' (Emphasis supplied.) The statute makes no provision whatever for the board of county commissioners or any county officer to conduct county business by telephone or to verbally or telephonically transfer moneys from one county account or fund to another or to telephonically deposit such moneys in the county depository. Therefore, the rule expressio unius est exclusio alterius applies so that by clear implication such telephonic conduct of county business or transfers of county funds is prohibited. See Ideal Farms Drainage Dist. v. Certain Lands, 19 So.2d 234 (Fla. 1944); Alsop v. Pierce, 19 So.2d 799 (Fla. 1944); Interlachen Lakes Estates, Inc. v. Snyder, 304 So.2d 433 (Fla. 1973); and In re
Advisory Opinion of Governor, Civil Rights, 306 So.2d 520 (Fla. 1975). If the Legislature had intended to provide for such telephonic transfers between county accounts and funds, it should have done so clearly and unequivocally. See Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952). The authority to make such transfers of county moneys must await specific legislative authorization and direction. Meanwhile, the deposit or investment of county money in and the transfer or withdrawals of the same from county accounts in depositories and the savings accounts or deposits of state and federal savings and loan associations continues to be governed by ss. 136.03-136.06(1), 215.85(5), and 665.321, F. S. See also s. 665.231, F. S. Therefore, I am constrained to adhere to the conclusions expressed in AGO 079-7.
Moreover, the transfer of county funds between accounts maintained in a county depository, or between a county checking account to a county savings account, or vice versa, does not constitute `payment' as that term is generally understood. See, e.g.,Bouvier's Law Dictionary, Third Revision, Volume 2, p. 2540, defining `payment' to mean `[t]he discharge in money of a sum due. It implies the existence of a debt, of a party to whom it is owed, and of a satisfaction of the debt to that party . . . .' (Emphasis supplied.) See also Sizemore v. E. T. Barwick Industries, Inc.,465 S.W.2d 873 (Tenn. 1971), holding that `payment' is a delivery of money or its equivalent in either property or services by one person from whom it is due to another person to whom it is due.
Further, it seems evident that the Legislature did not contemplate that `direct deposit' to a bank account of a payee be employed to transfer funds between various accounts maintained by the county. Section 215.85(2), f. S., states that the legislative intent was to provide `authorization for all public agencies to withdraw, pay, or disburse all public funds in their control to the account
of the person entitled to receive such funds.' (Emphasis supplied.) Section 1.01(3), F. S., states that, in construing the statutes, `[t]he word `person' includes individuals, children, firms, associations, joint adventures, partnerships, estates, trusts, business trusts, syndicates, fiduciaries, corporations, and all other groups or combinations.' See also City of St. Petersburg v. Carter, 39 So.2d 804 (Fla. 1949); Duval County v. Charleston Lumber and Manufacturing Company, 33 So. 531 (Fla. 1903); State v. Peninsular Telephone Company, 75 So. 201 (Fla. 1917); and Village of El Portal v. City of Miami Shores,362 So.2d 275 (Fla. 1978). There appears to be no indication from the foregoing that a county is authorized to designate itself as a `person entitled to receive such funds' and utilize direct deposit to transfer county funds from one county account to another. Had the Legislature intended to permit such transfers, it could have easily used language specifically incorporating public agencies.
You have also requested that I review the conclusions reached in AGO 079-7 in light of s. 215.85(5), F. S. This subsection states:
 Notwithstanding any other provision of law, the governing board or officer of any local government who has the authority to invest funds is authorized to transfer funds by electronic or other medium for purposes of investment to any depository authorized by law to receive funds or in the Local Government Surplus Funds Trust Fund. A written record shall be kept of all transfers made pursuant to this section. (Emphasis supplied.)
The above-quoted statutory provision permits the use of electronic or other medium to transfer funds `for purposes of investment' to a `depository authorized by law to receive funds . . . .' (Emphasis supplied.) Section 215.85(5), F. S., has nothing to do with the deposit in or withdrawal from county depositories or savings and loan associations of county funds. Such matters are governed by other laws. The Legislature's use of the words `investment' and `depository' is significant and must be given effect. State v. Williams, 343 So.2d 35 (Fla. 1977). Each of these terms has a limited and specific meaning, and the Legislature must be presumed to know the meaning of the words it has used in a statute. S.R.G. Corp. v. Department of Revenue, 356 So.2d 687 (Fla. 1978).
In AGO 075-57, this office relied on an earlier Attorney General Opinion, AGO 064-111, and stated:
 [T]he terms `investment' and `deposit' are not synonymous and interchangeable. As expressed [in AGO 064-111], the word `investment' denotes `the placing of capital or laying out of money in a way intended to secure income or profit from its employment;' and the word `deposit' denotes a `contractual relation between one delivering money or thing to bank and bank receiving it with implied agreement to pay it out on depositor's order or return it to him on demand.'
Accordingly, the transfer of funds to a demand or checking account in the county depository is not a transfer of funds made for the purposes of investment. Such a transaction constitutes a deposit, therefore, the terms of s. 215.85(5), F. S., are inapplicable to those kinds of transfers. Moreover, the term `depository' also has a distinct meaning. Section 136.01, F. S., states:
 Banks to be county depositories. — Any bank, national or state, authorized to do business in this state which will, as to the various funds hereinafter referred to, offer satisfactory inducement as to security as herein provided is hereby created and designated a county depository for the funds for which such security shall be furnished and may receive such public funds in the manner and method hereinafter provided. The funds hereinabove referred to shall include: county funds, funds of all county officers, and funds of the school board; the enumeration of said funds being herein made, not by way of limitation, but of illustration, and it being the intent hereof that all funds of such county or of the board of county commissioners or the several county officers or of the school board, shall be included. (Emphasis supplied.)
The transfer of funds for purposes of investment (see s. 665.321, F. S.) to a savings and loan association is not a transfer of funds to a depository as that term is defined in s. 136.01, F. S. Accordingly, the terms of s. 215.85(5), F. S., are not relevant to such transfers.
In summary, therefore, I am of the opinion that, in the absence of statutory authorization or direction, transfers of county funds between county accounts in depositories or savings and loan associations may not be telephonically initiated; such transfers must be accomplished by written check or warrant as prescribed in ss. 136.04 and 136.06, F. S. Accordingly, the use of any electronic or other medium for the disbursement or payment or transfer of county funds is limited to the precise purposes authorized by ss. 136.06(2) and 215.85(5), F. S.
Prepared by:
Patricia R. Gleason Assistant Attorney General