Geoffrey B. Dobson City Attorney Saint Augustine
QUESTION:
Does the Civil Service Board of the City of Saint Augustine, created pursuant to former ch. 174, F. S., continue to exist in light of the Municipal Home Rule Powers Act, ch. 73-129, Laws of Florida, and, if not, what action is required by the city commission to validate any acts which may have been taken after the effective date of ch. 73-129?
SUMMARY:
Until such time as the governing body of the City of Saint Augustine acts by proper legislation pursuant to s. 166.042(1), F. S., to annul or modify the provisions of ch. 174, F. S., providing for a civil service for certain policemen and firemen, it remains a viable law; the otherwise lawful acts of the governing body of the city thereunder and of its civil service board, created by ch. 174 in accordance therewith, and the rules and regulations exacted by the civil service board are and remain valid acts and rules with the force and effect of and enforceable as a local law. The governing body of the City of Saint Augustine may, at its discretion, enact appropriate legislation ratifying and validating any otherwise lawful acts of the governing body of the city and its civil service board or, by ordinance, incorporate by general reference the provisions of ch. 174 as an ordinance of the city or, by ordinance, incorporate such provisions of the chapter as it may choose to prescribe, nullifying such other provisions thereof as it may determine and adopting such new rules and regulations pertaining to the civil service system for the members of the police and fire departments of the city as it may prescribe and provide for by ordinance.
Chapter 73-129, Laws of Florida, brought into the statutes as ch. 166, F. S., and cited as the `Municipal Home Rule Powers Act,' repealed, inter alia, ch. 174, F. S. 1971, which created a civil service board for police and firemen in municipalities with populations of not more than 125,000 and established a civil service system for the members of the police and fire departments of any such municipality adopting ch. 174 by referendum. According to your inquiry, the provisions of ch. 174 were adopted and put into effect by referendum held on December 6, 1938.
Section 5(2) of ch. 73-129, Laws of Florida, codified as s.166.042(1), F. S., provides:
 It is the legislative intent that the repeal of the foregoing chapters of Florida Statutes shall not be interpreted to limit or restrict the powers of municipal officials, but shall be interpreted as a recognition of constitutional powers. It is, further, the legislative intent to recognize residual constitutional home rule powers in municipal government the legislature finds that this can best be accomplished by the removal of legislative direction from the statutes. It is, further, the legislative intent that municipalities shall continue to exercise all powers heretofore conferred on municipalities by the chapters enumerated above, but shall hereafter exercise those powers at their own discretion, subject only to the terms and conditions which they choose to prescribe.
You state that the governing body of the city is in doubt as to the legal effect of the repeal of ch. 174, supra, by s. 5(1) of ch. 73-129, supra, as it relates to the Civil Service Board created by ch. 174.
Section 5(2) of ch. 73-129, supra, clearly makes manifest the legislative intent to recognize the constitutional powers of municipal officials and the residual constitutional home rule powers of municipal governments (see s. 2(b), Art. VIII, State Const.). To that end, and to accomplish the explicated legislative purposes, the Legislature removed the legislative direction found in ch. 174, F. S., from the statutes. The explicated legislative intent is the law. See State v. Knight, 124 So. 461 (Fla. 1929); Small v. Sun Oil Company, 222 So.2d 196 (Fla. 1969); and State v. Williams, 343 So.2d 35 (Fla. 1977). The Legislature further declared its intent that affected municipalities continue to exercise all powers conferred on them by ch. 174 but that, after October 1, 1973, they exercise such powers at their own discretion and subject only to such terms and conditions as they might choose to prescribe. The exercise of such discretion and the prescribing of such terms and conditions are legislative acts or functions which must be exercised by ordinance. See s. 166.041(1)(a), F. S.;see also s. 166.021(3), F. S. Since s. 5(2) of ch. 73-129 expressly declares `that municipalities shall continue to exercise all powers heretofore conferred on municipalities by the chapters enumerated [in subsection (1) of s. 5, ch. 73-129, including ch. 174, F. S.],' at their discretion and subject to such terms and conditions as they might choose to prescribe, this office has consistently concluded that the legal effect of s. 5(2) of ch. 73-129 (s. 166.042(1), F. S.), is to preserve in force and effect the enumerated repealed statutes, and municipalities could continue to exercise the powers granted them by such repealed statutes, subject to such terms and conditions as the governing bodies might choose to prescribe. See, e.g., AGO's 076-211, 076-40, 075-157, 075-63, 074-362, and 074-319. Thus, until such time as the governing body of the City of Saint Augustine acts by proper legislation to annul or modify the provisions of former ch. 174, it remains a viable law; and the otherwise lawful acts of the civil service board created by ch. 174, pursuant to that statute and the otherwise acts of the governing body of the city thereunder (see ss. 174.04 and 174.09) and the code of rules and regulations enacted by the civil service board (see s. 174.05), are and remain valid acts and rules with the force and effect of and enforceable as a local law. In other words, the governing body of the city and the city's agency or instrumentality — civil service board — have, in the language of s. 5(2), ch. 73-129, continued to exercise all powers conferred on the city by ch. 174, and the exercise of such powers by such municipal officials requires no ratification or validation. However, if the governing body of the city desires to remove any doubt it may have as to past valid actions of the civil service board, it may enact appropriate legislation ratifying and validating any otherwise lawful acts of the governing authority of the city ahd its civil service board. See McQuillin Municipal Corporations s. 29.104; seealso Brown v. St. Petersburg, 150 So. 140 (Fla. 1933), and Ramsey v. Kissimmee, 190 So. 474 (Fla. 1939); cf. AGO's 078-95 and 078-130. The governing body may, if it determines to do so in its discretion, enact an ordinance by general reference incorporating the provisions of ch. 174 as an ordinance of the city (see 62 C.J.S. Municipal Corporations s. 414; State ex rel. McFarland v. Roberts, 74 So.2d 88 (Fla. 1954); Burleigh House Inc. v. Miami Beach, 239 So.2d 273 (Fla.App. 1970); Jamillo v. City of Homestead, 322 So.2d 496 (Fla. 1975); also cf. AGO's 074-240 and 078-111), or it may enact an ordinance incorporating such provisions of ch. 174 as it may choose to prescribe, nullifying other provisions thereof as it may determine and adopting such new regulations and prescribing such terms and conditions as such enabling legislation or ordinance may prescribe and provide. See
s. 166.042(1); see also s. 166.021(1), (3), and (4).
Prepared by: John W. Williams, Assistant Attorney General