Mr. David La Croix City Attorney City of Sanibel Post Office Drawer Q Sanibel, Florida 33957
Dear Mr. La Croix:
This is in response to your request for an opinion on substantially the following question:
 WHETHER s. 112.3143, F.S., REQUIRES ABSTENTION BY A MEMBER OF THE CITY COUNCIL IN A SITUATION WHERE SUCH ABSTENTION WOULD PREVENT THE LEGISLATIVE BODY FROM TAKING ANY ACTION ON THAT MEASURE?
Section 112.3143(3), F.S., provides:
 No county, municipal, or other local public officer shall vote in his official capacity upon any measure which inures to his special private gain or shall knowingly vote in his official capacity upon any measure which inures to the special gain of any principal, other than an agency as defined in s. 112.312(2), by whom he is retained. Such public officer shall, prior to the vote being taken, publicly state to the assembly the nature of his interest in the matter from which he is abstaining from voting and, within 15 days after the vote occurs, disclose the nature of his interest as a public record in a memorandum filed with the person responsible for recording the minutes of the meeting, who shall incorporate the memorandum in the minutes. . . .
This statute creates a voting disqualification for county, municipal, and other local public officers where the measure to be voted upon would inure to his special private gain or where knowingly such measure would inure to the special gain of any principal, as limited therein, by whom he is retained. See, Ch. 84-357, Laws of Florida, which enacted subsection (3) of s.112.3143. As stated in AGO 85-40, "[t]his amendment change[d] the law with regard to abstention under the circumstances described in the new law. Previously, a public officer was not prohibited from voting in his official capacity on a matter in which he had a personal, private or professional interest and which inured to his special private gain or to the special gain of any principal by whom he was retained, but if such officer voted on such a matter, he was required to file a memorandum within 15 days disclosing the nature of his interest." Citing, s. 112.3143, F.S. 1983. And see, Op. Comm. Ethics, 74-13, Oct. 4, 1974. Any question, however, as to what constitutes a conflict of interest under s. 112.3143 must be submitted to the Commission on Ethics. See, s. 112.322(3), F.S. The voting disqualification set forth in the present statute is a codification of the general rule of law pertaining to public officials' qualifications to vote in cases of conflict. See, 62 C.J.S. Municipal Corporations s. 402 stating the general rule: "A member of a municipal council or governing body is disqualified from voting on any question involving his own character or conduct, his right as a member, or his pecuniary interest, if that is immediate, particular, and distinct from the public interest."
You state in your letter of inquiry that this statute causes potential problems, especially in smaller communities, in which a matter to be considered could possibly affect enough members of the city council to make it impossible to take action on that measure. You question in such an instance when multiple conflicts of interest would preclude the council from taking any action on a measure, whether the statute could be interpreted in a way so as not to require abstention by a city council member.
The primary rule of statutory construction is that the intent of the Legislature as gleaned from the statute is the law. Department of Legal Affairs v. Sanford-Orlando Kennel Club, Inc.,434 So.2d 879 (Fla. 1983); State v. Williams, 343 So.2d 35 (Fla. 1977). The statute provides no express exemptions or exceptions from the terms thereof. Further there is no language provided in the statute which would indicate that the Legislature intended to provide a special exception or waiver from the mandatory voting disqualification set forth therein. A legislative direction as to how a thing shall be done is, in effect, a prohibition against its being done in any other way. Alsop v. Pierce, 19 So.2d 799
(Fla. 1944). This office is without the authority to interpret the law or read into the statutes a result which might seem under the circumstances to be more equitable. If the law creates some undue hardship, especially in smaller communities, on the legislative process, the law's amendment is the exclusive prerogative of the State Legislature.
In conclusion, I am therefore constrained to conclude that unless and until judicially determined otherwise, s. 112.3143(3), F.S., does not provide an exception or exemption from its mandatory abstention requirements in situations where abstention has the effect of preventing the local legislative body from taking any action on a measure.
Sincerely,
Jim Smith Attorney General
Prepared by:
Craig Willis Assistant Attorney General