The Honorable James R. Feimster Mayor Commissioner Town of Redington Shores Town Hall 17798 Gulf Boulevard Redington Shores, Florida 33708
Dear Mayor Feimster:
This is in response to your request for an opinion on substantially the following question:
 IS A MUNICIPALITY AUTHORIZED TO ADOPT AN ORDINANCE PERMITTING INVESTMENT OF SURPLUS MUNICIPAL FUNDS IN SECURITIES WHICH ARE NOT SPECIFICALLY ENUMERATED IN s. 166.261(1), F.S.?
Your inquiry states that surplus municipal funds of the Town of Redington Shores are now invested with the State Board of Administration. See, s. 166.261(1)(a), F.S.; Part IV, Ch. 218, F.S. (duties of State Board of Administration with respect to investment of local government surplus funds). You further state that the Town of Redington Shores is interested in adopting an ordinance which would authorize investment of such funds in higher-yielding securities which are not among those specifically enumerated in s. 166.261(1), F.S. In view of the provisions of s. 166.261(1), you have asked whether such investment is legal. Although you have enclosed materials relating to the particular securities in which investment is contemplated, this opinion should not be construed as endorsing or in any manner passing upon the desirability of investment in these particular securities. The opinion is accordingly expressly limited to the question stated above as to the authority of a municipality to adopt an ordinance permitting such investment without regard to the particular securities in which such investment is contemplated.
Section 166.261(1), F.S., presently provides in pertinent part as follows:
 Unless otherwise authorized by law or by ordinance, the governing body of each municipality shall, by resolution to be adopted from time to time, invest and reinvest any surplus public funds in its control or possession in: [the Local Government Surplus Funds Trust Fund or other specifically enumerated securities and obligations]. (e.s.)
Prior to the enactment of Ch. 84-57, Laws of Florida, s. 166.261(1), F.S. 1983, read in pertinent part as follows:
 Except when another procedure is prescribed by law or by ordinance as to particular funds, the governing body of each municipality shall, by resolutions to be adopted from time to time, invest and reinvest any surplus public funds in its control or possession in: [the Local Government Surplus Funds Trust Fund or other specifically enumerated securities and obligations]. (e.s.)
In AGO 83-60, this office responded to an inquiry asking essentially whether the language of s. 166.261(1), F.S. 1983, permitted a municipality to adopt an ordinance authorizing investment or reinvestment of surplus public funds in securities or obligations other than those specifically enumerated, based on the proviso, "[e]xcept when another procedure is prescribed . . . by ordinance. . . ." This office concluded that such proviso language did not empower a municipality to adopt an ordinance authorizing investment or reinvestment of its surplus public funds in accounts, obligations or securities other than those enumerated in s. 166.261(1), F.S. 1983, on the basis that such proviso language related only to permissible municipal alteration of the procedure for authorizing investment or reinvestment in specifically enumerated accounts, obligations or securities and that such otherwise prescribed "procedure," i.e., the manner of or machinery for investing "particular funds," "is not the same thing as the substantive authority to invest or substantive limitations on the investment power or the investment products themselves as prescribed and described in" s. 166.261, F.S. 1983.
Section 2 of Ch. 84-57, Laws of Florida, substituted the present language of s. 166.261(1), F.S., "[u]nless otherwise authorized by law or by ordinance," for the language on which AGO 83-60 relied in determining legislative intent, "[e]xcept when another procedure is prescribed by law or by ordinance," in addition to making certain other changes to the statute, including, inter alia, the deletion of the wording, "as to particular funds." It thus appears that the Legislature intended by the enactment of Ch. 84-57, supra, to permit the adoption of municipal ordinances authorizing the investment or reinvestment of surplus public funds in securities or obligations other than those specifically enumerated in s. 166.261(1). See, Department of Legal Affairs v. Sanford-Orlando Kennel Club, Inc., 434 So.2d 879 (Fla. 1983); State v. Williams, 343 So.2d 35 (Fla. 1977) (intent of Legislature as gleaned from statute is the law). This intent is further documented by the Staff Analysis prepared by the House of Representatives Committee on Community Affairs which considered CS/HB 150 in the 1984 Legislature, which bill was enacted as Ch. 84-57. The Staff Analysis makes specific reference to the conclusion reached in AGO 83-60 and states that one effect of the changes proposed in the bill would be to "allow a municipality to expand the list of legally-acceptable securities by adopting an appropriate local ordinance." The Staff Analysis further notes that "[t]he language of the bill essentially legitimizes investment practices already being followed by many municipalities" and concludes with the comment that "[t]he primary effect of this bill may be to eliminate municipalities from any future potential liability with respect to investment of public funds based upon AGO 83-60."
However, it should be noted that, notwithstanding the authorization in present s. 166.261(1), F.S., for adoption of a municipal ordinance permitting investment of municipal surplus funds in securities which are not specifically enumerated in that section, any applicable provisions of special law or of a municipal charter would control over the more general authorization contained in s. 166.261(1). See, s. 166.021(4), F.S., providing in pertinent part that the provisions of the Municipal Home Rule Powers Act, Ch. 166, F.S., shall be construed to secure for municipalities the broad exercise of home rule powers and that the Legislature intended to extend to municipalities authority to exercise powers for certain purposes "not expressly prohibited by the constitution, general or special law, or county charter. . . ." (e.s.) See also, Rowe v. Pinellas Sports Authority, 461 So.2d 72 (Fla. 1984) (special act prevails over general law in cases of conflict); Staff Analysis, CS/HB 150 (enacted as Ch. 84-57, Laws of Florida), House of Representatives, Committee on Community Affairs (1984 Session) ("other restrictions contained in general or special law would supercede [sic] the provisions of s. 166.261, F.S."), specifically citing Ch. 280, F.S., the "Florida Security for Public Deposits Act," as a superseding general law. Cf., s. 280.02(3), F.S., defining "[p]ublic deposit."
Therefore, unless and until legislatively or judicially determined otherwise, it is my opinion that a municipality is authorized by law to adopt an ordinance permitting investment of surplus municipal funds in securities which are not specifically enumerated in s. 166.261(1), F.S., subject to any restrictions imposed by provisions of special law or municipal charter.
Sincerely,
Robert A. Butterworth Attorney General
Prepared by:
Kent L. Weissinger Assistant Attorney General