302 So.2d 756 (1974)
Frank F. SMITH, Jr., Appellant,
v.
The CITY OF ST. PETERSBURG, a Municipality Organized and Existing under the Laws of the State of Florida, Appellee.
No. 45077.
Supreme Court of Florida.
October 30, 1974.
Dennis R. Kuhn of the Law Offices of Eugene P. Spellman, Miami, for appellant.
Thomas G. Wright, Jr., Asst. City Atty., for appellee.
*757 PER CURIAM.
By this direct appeal, appellant contests a ruling of the Circuit Court of Pinellas County, Florida, in a suit for declaratory relief, which essentially upheld the validity of Chapter 72-681, Laws of Florida, upon determination that the title to the "law" under review passed the constititional requirements set forth in Art. III, § 6, Florida Constitution. We have jurisdiction pursuant to Article V, § 3(b)(1), Florida Constitution, and we agree with the trial court.
The title to Chapter 72-681 reads as follows:
"An Act relating to the City of St. Petersburg, Pinellas County; repealing specified special acts and parts of acts and converting them into home rule ordinances; providing for the exercise of powers by the City of St. Petersburg; providing for the non-impairment of obligations; authorizing the City to establish maximum rates for travel expenses; providing severability; providing effective date."
Obviously this is a "home rule" Act, and its body specified numerous other acts by title only, thereby converting them into home rule ordinances. Subsequently, the City of St. Petersburg repealed one of these ordinances, formerly Chapter 18,890, Acts of 1937, which had established a city civil service system, and substituted in lieu thereof a personnel management system under the provisions of which the appellant was discharged as a city employee.
Neither the facts nor the merits of appellant's discharge are before us for review. Only the sufficiency of the title of the cited Act is in dispute. The guidelines dispositive of this issue are comparatively clear.
A statute is to be construed in such manner as to ascertain and give effect to the evident interpretation of the Legislature as set forth in the statute, and where any ambiguity in the meaning or context of a statute exists, this must yield to the legislative purpose. Deltona Corporation v. Florida Public Service Commission, 220 So.2d 905 (Fla. 1969); Beebe v. Richardson, 156 Fla. 559, 23 So.2d 718 (1945).
In King Kole, Inc. v. Bryant, 178 So.2d 2 (Fla. 1965), our Court stated:
"... Over the years certain guidelines have evolved for testing the sufficiency of titles against the standard prescribed by Article III, Section 16, supra. The primary purpose of the requirements is to prevent `hodge-poge or log-rolling' legislation. Its object is to avoid surprise or fraud by fairly apprising the Legislature and the public of the subject of the legislation being enacted. State ex rel. Parrish v. Lee, 156 Fla. 578, 23 So.2d 731; State v. Florida State Turnpike Authority, Fla., 80 So.2d 337. The Legislature is allowed a wide latitude in the enactment of laws, and the courts will strike down a title only when there is a plain case of violating or ignoring the constitutional requirement. Wright v. Board of Public Instruction, Fla., 48 So.2d 912; Hillsborough County v. Price, Fla.App., 149 So.2d 912. The title is sufficient if it fairly gives such notice as will reasonably lead to inquiry into the body thereof. Florida Power Corp. v. Pinellas Utility Board, Fla., 40 So.2d 350; McCord v. Smith, Fla., 43 So.2d 704. The title need not be an index to the contents. It is not necessary that it delineate in detail the substance of the statute. McCord v. Smith, supra; Kirkland v. Phillips, Fla., 106 So.2d 909."
Then, our Court in City of Ocoee v. Bowness, 65 So.2d 7 (Fla. 1953), again treating the issue of sufficiency of the title to a Special Act, stated:
"As to when a statute has met the requirements of section 16 of article III respecting what its title must contain in order to render the statute constitutionally operative, it should be understood *758 that it is only the `subject' of the act that need be expressed in the title; there is no requirement that `matter connected with the subject,' or that the `object,' of the act, appear therein. Hayes v. Walker, 54 Fla. 163, 44 So. 747; Thompson v. State, 66 Fla. 206, 63 So. 423; Butler v. Perry, 67 Fla. 405, 66 So. 150; Ex parte Gilletti, 70 Fla. 442, 70 So. 446; Spencer v. Hunt, 109 Fla. 248, 147 So. 282.
"Whether the statute meets the constitutional requirement in this particular is a problem of construction. If the `subject' of an act is expressed in the title with such certainty as to give reasonable notice of the scope of the act and of matters reasonably related to the `subject' that may be dealt with therein, the requirement has been met. Lainhart v. Catts, 73 Fla. 735, 75 So. 47; Spencer v. Hunt, supra."
For a legislative enactment to fail, the conflict between it and the Constitution must be palpable, however, where by reasonable intent the title can be determined to be sufficiently broad as to include a provision that can be deemed to reasonably connect it with the subject of the enactment, then it should not be declared inoperative and unconstitutional. In other words, the title should reasonably and fairly give notice of what one may expect to find in the body of the enactment. Bird Key Corp. v. City of Sarasota et al., 54 So.2d 245 (Fla. 1951); Howarth v. DeLand, 117 Fla. 692, 158 So. 294 (1934); State ex rel. Buford v. Daniel, 87 Fla. 270, 99 So. 804 (1924).
The "law" under review passes those tests hereinabove described. Indeed, it cannot be found to have perpetrated any fraud or surprise or enacted with a calculated intention or desire to mislead. Neither does it amend or revise but specifically states that it repeals specified Acts and parts of Acts, converting them into home rule ordinances.
Finding no error in the trial court's determination, the same is hereby affirmed.
It is so ordered.
ADKINS, C.J., and ROBERTS, ERVIN, BOYD, McCAIN, DEKLE and OVERTON, JJ., concur.