Nancy Kelley Wittenberg Secretary Department of Professional Regulation Tallahassee
QUESTION:
Is the Department of Professional Regulation authorized to give a separate certification examination for each specialty electrical contractor category designated by rule of the Electrical Contractors' Licensing Board?
SUMMARY:
Under s. 5, Ch. 79-272, Laws of Florida, the Department of Professional Regulation is authorized to administer separate electrical contractors' certification examinations which are appropriate to the particular class of specialty contractors seeking certification.
Pursuant to Ch. 79-272, Laws of Florida, an act which revises the Electrical Contractors Practice Act (part VII, Ch. 468, F. S., 1977), the Electrical Contractors' Licensing Board is required to adopt a rule designating `those types of specialty contractors who may be certified under this act.' Section 5(8), Ch. 79-272. This grant of authority to the board represents a departure from prior law. The former practice act (part VII, Ch. 468, supra) authorized only the certification of electrical contractors whose services were unlimited in the electrical trade field. The act also provided that the scope of work of such contractors included the work of all specialty electrical contractors. See s. 468.18(5). Chapter 79-272, however, provides for the certification of two classes of electrical contractors: `Specialty electrical contractor,' defined by s. 2(14) to mean `a person whose scope of practice is limited to a specific segment of electrical contracting including, but not limited to, maintenance of electrical fixtures, and installation and maintenance of elevators, electrical outdoor advertising signs, and air handling controls,' and `electrical contractor' or `contractor,' defined by s. 2(8) to mean
 a person who conducts business in the electrical trade field and who has the experience, knowledge, and skill to install, repair, alter, add to, or design, in compliance with law, electrical wiring, fixtures, appliances, apparatus, raceways, conduit, or any part thereof, which generates, transmits, transforms, or utilizes electrical energy in any form, including the electrical installations and systems within plants and substations, all in compliance with applicable plans, specifications, codes, laws, and regulations. . . .
 Although Ch. 79-272, Laws of Florida, provides for two classes of certified electrical contractors, both types of contractors must follow the same procedure to become certified See s. 2(3) of Ch. 79-272, which defines `certificate' to mean `a geographically unlimited certificate of competency license issued by the [D]epartment [of Professional Regulation] as provided in this act,' and s. 2(4) of Ch. 79-272 defining `certification' as `the act of obtaining or holding a certificate as provided in this act.' It should be noted, however, that Ch. 79-272 does not apply to specialty contractors `not otherwise certified under the provisions of this act . . . .' Section 12, Ch. 79-272.
 The procedure for certification is spelled out in s. 5 of Ch. 79-272, Laws of Florida:
 (1) Any person desiring to be licensed as a certified electrical contractor shall apply to the department in writing to take the certification examination.
 (2) A person shall be entitled to take the certification examination, for the purpose of determining whether he is qualified to contract throughout the state as an electrical contractor, if the person is of good moral character, and is otherwise qualified as provided in this section. (Emphasis supplied.)
It is not clear from an examination of s. 5, Ch. 79-272, Laws of Florida, whether `the certification examination' referred to therein requires the administration of a single examination forall electrical contractors (specialty and nonspecialty) seeking certification, or whether is permits the administration of separate certification examinations which are appropriate to the particular class of contractor involved. In light of this ambiguity, it is appropriate to interpret the statute so as to effectuate the ligislative intent. Smith v. City of St. Petersburg, 302 So.2d 756 (Fla. 1974); Overman v. Board of Control, 71 So.2d 262 (Fla. 1954); and Beebe v. Richardson,23 So.2d 718 (Fla. 1945). The intent of the Legislature as gleaned from the statute is the law, State v. Williams, 343 So.2d 35 (Fla. 1977).
When the definitions of `electrical contractor' and `specialty electrical contractor' are compared, it is clear that the major difference between the two types of contractors is that the scope of practice of an electrical contractor is not limited, while that of a specialty contractor is limited or restricted to his particular specialty. It follows, therefore, that thecertification of a specialty electrical contractor is limited to the extent of his specialty. Accordingly, there is no reason to require a specialty electrical contractor to demonstrate his competence in areas of electrical contracting other than his particular field. Cf. s. 455.217(1), F. S., providing that the Division of Administration of the Department of Professional Regulation is to ensure that all examinations `adequately and reliably measure an applicant's ability to practice the profession regulated by the department. . . .' Thus, to read s. 5, Ch. 79-272, Laws of Florida, to require the administration of one examination which would test all areas of competency required of an electrical contractor would result in a strained conclusion in obvious conflict with the legislative intent. It is a familiar principle of statutory construction that such a result should be avoided. McKibben v. Mallory, 293 So.2d 48 (Fla. 1974); Smith v. Ryan,39 So.2d 281 (Fla. 1949); and Haworth v. Chapman, 152 So. 663 (Fla. 1933).
In summary, therefore, I am of the view that under s. 5, Ch. 79-272, Laws of Florida, the Department of Professional Regulation is authorized to administer separate electrical contractors' certification examinations which are appropriate to the paticular class of specialty contractors seeking certification.
Prepared by:
Patricia R. Gleason Assistant Attorney General