Bill Gunter State Treasurer and Insurance Commissioner Tallahassee
QUESTION:
In accordance with the provisions of s. 112.215(6)(a), F. S., is the State Treasurer required, prior to implementation of the state employees deferred compensation plan, to obtain an opinion from the Commissioner of Internal Revenue or any other federal agency that compensation deferred in accordance with the plan will not be taxable under federal law until actually received by the employee under the terms of the plan, but that such compensation will nonetheless be deemed compensation at the time of deferral for the purposes of Social Security coverage?
SUMMARY:
Under s. 112.215(6)(a), F. S., the State Treasurer and Insurance Commissioner is required to obtain an opinion from the appropriate federal agency (or agencies, if necessary) as to the matter specified in s. 112.215(6)(a) and must be `satisfied' or convinced by or from such opinion or opinions that the legislatively prescribed conditions on the effectiveness of the plan have in fact been met, before any state deferred compensation plan may take effect.
Section 112.215(6)(a), F. S., provides:
 No deferred compensation plan of the state shall become effective until approved by the State Board of Administration and the State Treasurer is satisfied by opinion from such federal agency or agencies as may be deemed necessary that the compensation deferred thereunder and/or the investment products purchased pursuant to the plan will not be included in the employee's taxable income under federal or state law until it is actually received by such employee under the terms of the plan, and that such compensation will nonetheless be deemed compensation at the time of deferral for the purposes of Social Security coverage, for the purposes of the state retirement system, and for any other retirement, pension, or benefit program established by law. (Emphasis supplied.)
The `Government Employees Deferred Compensation Plan Act,' s.112.215, F. S., was originally enacted by ch. 75-295, Laws of Florida, and was amended and substantially reworded by ch. 76-279, Laws of Florida. Section 112.215(6)(a) was among the new provisions added in 1976. The title to ch. 76-279 describes that act, in part, as `providing duties of the State Treasurer with respect to such programs . . . .' (Emphasis supplied.) One suchduty is placed upon the State Treasurer by s. 112.215(6)(a), which requires the State Treasurer — on behalf of the state — to determine or convince himself from an opinion obtained from a federal agency or agencies that the legislatively prescribed conditions are in fact met or satisfied.
The essence of your question, then, is whether the language `as may be deemed necessary' in s. 112.215(6)(a), F. S., gives you discretion as to whether to secure an opinion from a federal agency or, as you have concluded, merely recognizes that it may be necessary to obtain the opinion of more than one federal agency. I concur in your conclusion that the latter meaning is what was intended by the Legislature. That is, the securing of at least one federal agency opinion regarding income tax and Social Security tax ramifications as specified in s. 112.215(6)(a) is a mandatory prerequisite to the plan's becoming effective.
It is a recognized principle of statutory construction that a statute directing a public officer to do a certain thing, and including provisions qualifying the doing of that thing, is generally to be read as requiring that such qualifications be satisfied before the authorized thing may be done. In Seaboard Air Line R. Co. v. Wells, 130 So. 587, 593 (Fla. 1930), the court stated that `where a statute says a thing `may' be done by a public official which is for the public benefit, it is to be construed that it must be done.' In 2A Sutherland StatutoryConstruction s. 57.14, p. 435, it is stated:
 Where authority is granted to public officers to do a thing in a certain way, the manner of doing the thing is mandatory, or jurisdictional, and a limitation on the authority of the officer, even though the doing of the thing in the first place may be discretionary. (Emphasis supplied.)
Also in Sutherland, at s. 57.17, p. 441, it is stated:
 Certain principles peculiar to statutory provisions involving grants of power or authority have evolved for the determination of their mandatory or directory character. Under the general rule that grants of powers are strictly construed, such provisions are generally mandatory in the sense that the power granted can be exercised only in strict conformity with the statutory conditions therefor. (Emphasis supplied.)
In the frequently cited case of White v. Crandon, 156 So. 303, 305
(Fla. 1934), the Florida Supreme Court concisely stated this principle as follows: `The authority of public officers to proceed in a particular way or only upon specific conditions implies a duty not to proceed in any manner [other] than that which is authorized by law.' The court also stated, in Alsop v. Pierce,19 So.2d 799, 805-806 (Fla. 1944), that `[w]hen the controlling law directs how a thing shall be done that is, in effect, a prohibition against its being done in any other way.'
That the provision in question is a mandatory duty of the State Treasurer, as reflected in the title to ch. 76-279, Laws of Florida, is clear from the language of s. 112.215(6)(a), F. S., which provides that `[n]o deferred compensation plan of the state shall become effective until . . . the State Treasurer is
satisfied by opinion from such federal agency or agencies as may be deemed necessary . . . .' (Emphasis supplied.) The effect and intent of this language is that the State Treasurer shall satisfy himself by or from an opinion obtained from an appropriate federal agency or agencies as to the statutorily prescribed conditions to the operative effectiveness of any such deferred compensation plan which he has approved for implementation pursuant to s.112.215(4)(a). Under s. 112.215(6)(a), the State Treasurer can only satisfy himself or determine that such deferred compensation will not be taxable as income until actually received, but will nevertheless be deemed compensation at the time of deferral for Social Security purposes, by means of or from federal agency opinion; the obtaining of an opinion is the only prescribed basis for determining that the statutorily required conditions have been met or satisfied.
The comployment in s. 112.215(6)(a), F. S., of the `as may be deemed necessary' language does not, in my opinion, allow the State Treasurer to make a determination that no opinion from any federal agency is necessary. As you concluded, such an interpretation is not suggested by the wording of s. 112.215(6)(a) and would defeat the apparent purpose of the statute, that of preventing, to the extent possible, the adverse monetary and administrative consequences to the state, and to state employees participating in a state deferred compensation plan, of federal disapproval of such a plan after the plan has been implemented by the state and has taken effect. It is fundamental that the intent
of a statute, as determined from its language, setting, or context, and the purpose to be accomplished, is the law and that doubts as to the construction to be given particular words should be resolved so as to effectuate the legislative intent and the purpose of the statute. Smith v. City of St. Petersburg,302 So.2d 756, 757 (Fla. 1974); American Bakeries Co. v. Hanies City,180 So. 524, 532 (Fla. 1938); and Pillans Smith Co. v. Lowe,157 So. 649, 650 (Fla. 1934). In am of the opinion that the only discretion afforded the State Treasurer by s. 112.215(6)(a) is in regard to determining the particular federal agency from which it will be necessary to obtain an opinion, and in regard to satisfying himself that the opinion he obtains actually provides the statutorily required information.
I am aware the significant changes in federal tax laws relating to deferred compensation plans have been made subsequent to the Legislature's 1976 amendment to s. 112.215, F. S. It has been suggested to me that these changes in federal law now make it possible for a state (through its legislative body or power) to determine the status of its deferred compensation plan (at least as to income tax ramifications) merely by applying the criteria in the federal statute to the specifics of the state plan (thus, it is argued, obviating the need for securing an opinion from a federal agency). However, I do not address this issue, as it is not relevant to the question you have presented, which concerns only the proper construction to be given to a Florida statute. Such extrinsic policy matters are exclusively for the consideration of the Legislature. I am not empowered to make a determination that the factors which may have influenced the Legislature's 1976 policy decision have changed and, accordingly, to excuse the State Treasurer from compliance with any duty imposed by the Legislature. In any event, the Legislature has directed the State Treasurer to determine or judge by opinion from `such federal agency or agencies as may be deemed necessary' (i.e., from the federal agency or agencies whose opinion or opinions the State Treasurer deems it necessary to obtain) that the statutorily prescribed conditions to the effectiveness of any otherwise duly approved deferred compensation plan for state employees have been satisfied. The State Treasurer is thus obliged to comply with and give effect to these statutory requirements until such time as a court of competent jurisdiction decrees otherwise. See State v. State Board of Equalizers, 94 So. 681
(Fla. 1922), and Pickerill v. Schott, 55 So.2d 716, 719 (Fla. 1951).
Prepared by: Jerald S. Price, Assistant Attorney General