382 So.2d 1355 (1980)
Gino LATISI, Petitioner,
v.
FLORIDA PAROLE AND PROBATION COMMISSION, etc., Respondents.
No. UU-489.
District Court of Appeal of Florida, First District.
May 1, 1980.
*1356 Gino Latisi, in pro. per.
No appearance, for respondent.
Before MILLS, C.J., and McCORD, ROBERT P. SMITH, Jr., ERVIN, BOOTH, LARRY G. SMITH, SHIVERS, SHAW and WENTWORTH, JJ.
PER CURIAM.
This cause is before the Court as a pro se petition for writ of mandamus. Petitioner requests review of the proceedings of the Florida Parole and Probation Commission in determining petitioner's presumptive parole release date. Upon receiving and docketing petitioner's case, this Court directed petitioner to submit to this Court $50 to cover the required filing fee, the failure of which would result in automatic dismissal of his cause without further order of the Court. Petitioner responded claiming that the order denied petitioner access to court because he is presently incarcerated, unable to earn wages and cannot pay the filing fee as ordered. Petitioner moved the Court to permit the case to be filed without payment of the filing fee. We are unable to do this.
As explained in the Committee Notes following Rule 9.430, Florida Rules of Appellate Procedure, that rule does not expand the right of indigents to proceed with an appeal without payment of costs. The existence of such a right is governed by substantive law.
A petition for writ of mandamus is a civil action. Neither law nor rule provides a waiver of the filing fee for mandamus. Certain infringements of liberty interests of a constitutional magnitude are reviewable by this Court without cost to a petitioner under the terms of Article I, Section 13, of the Florida Constitution, when filed as a petition for writ of habeas corpus. See Rule 2.040(b)(3), Florida Rules of Judicial Administration. [Complaints concerning the setting of a presumptive parole release date have not yet been considered to give entitlement to such relief. See Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979).]
Until the Legislature exempts cases such as this one from payment of a filing fee, this Court must abide by § 35.22(3), Fla. Stat., and Rule 9.110(b), Fla.R.App.P. See also Ortwein v. Schwab, 410 U.S. 656, 93 S.Ct. 1172, 35 L.Ed.2d 572 (1973), reh. denied, 411 U.S. 922, 93 S.Ct. 1551, 36 L.Ed.2d 315 (1973); United States v. Kras, 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973).
Accordingly, petitioner's prayer to proceed without payment of the required filing fee must be denied. Failure to deposit the filing fee by May 6, 1980, shall result in the automatic dismissal of this cause without further order of the court.