Frank J. Habershaw Clerk, 5th District Court of Appeal Daytona Beach
QUESTIONS:
1. Does s. 57.081(1), F. S., as amended by ch. 80-348, Laws of Florida, apply to appellate proceedings relieving indigent appellants from the prepayment of filing fees in civil proceedings?
2. If question 1 is answered in the affirmative, are the clerks of the district courts of appeal required to issue certifications of indigency or, as indicated by Fla.R.App.P. 9.430, are indigent appellants required to obtain an order of insolvency from the lower tribunal in order to proceed without prepayment of the appellant filing fee?
SUMMARY:
Subject to a judicial determination to the contrary, the provisions of s. 57.081(1), F. S., as amended by ch. 80-348, Laws of Florida, relieving eligible or qualified indigent persons from the prepayment of filing fees in `any judicial . . . proceeding' are applicable to civil appellate proceedings in the appellate courts.
AS TO QUESTION 1:
Section 35.22(3), F. S., requires the imposition of service charges by clerks of district courts of appeal, stating in pertinent part that the clark, `upon the filing of a certified copy of a notice of appeal or petition, shall charge and collect a service charge of $50 for each case docketed.' This section offers no exceptions or procedures for granting any exceptions to the service charge or filing fee required therein, and it is well settled that any right or privilege of an indigent person to be relieved of the prepayment of the filing fee must be found in substantive law. See Harrell v. State, Department of Health and Rehabilitative Services, 361 So.2d 715, 717 n. 1 (4 D.C.A. Fla., 1978); Latisi v. Florida Parole and Probation Commission,382 So.2d 1355 (1 D.C.A. Fla., 1980); and Commentary to Fla.R.App.P. 9.430. Section 57.081(1), F. S., as amended by s. 1, ch. 80-348, Laws of Florida, however, establishes the right of indigent persons in judicial or administrative agency proceedings to receive the services of the courts, sheriffs, and clerks, with respect to such proceedings, without prepayment of costs by providing.
 (1) Any indigent person who is a party or intervenor in any judicial or administrative agency proceeding or who initiates such proceeding shall receive the services of the courts, sheriffs, and clerks, with respect to such proceedings, without charge. No prepayment of costs to any judge, clerk, or sheriff is required in any action when the party has obtained a certification of indigency from the clerk in each proceeding, based on an affidavit filed with him that the applicant is indigent and unable to pay the charges otherwise payable by law to any of such officers. When the person is represented by an attorney, the affidavit shall be supported by a written certificate signed by the attorney representing the person that he has made an investigation to ascertain the truth of the applicant's affidavit and that he believes it to be true; that he has investigated the nature of the applicant's position and that in his opinion it is meritorious as a matter of law; and that he has not been paid or promised payment of any remuneration for his service and intends to act as attorney for applicant without compensation. On the failure or refusal of the clerk to issue a certificate of indigency, the applicant is entitled to a review of his application for the certificate by the court having jurisdiction of the cause of action.
You inquire whether the foregoing statutory provision as amended by the 1980 Legislature relieves eligible or qualified indigent persons from the prepayment of filing fees in civil appellate proceedings.
In construing a statute or ascertaining legislative intent, resort may be made to the history of the statute. See McDonald v. Roland,65 So.2d 12 (Fla. 1953); State Board of Accountancy v. Webb,51 So.2d 296 (Fla. 1951) (in ascertaining legislative intent the courts will consider the history of the act, the evil to be corrected, the purpose of enactment, and the law then in existence bearing on the same subject); and Smith v. Smith, 39 So.2d 230
(Fla. 1949). Section 57.081(1), F. S., formerly provided that the provisions of the section (then s. 58.09) were `applicable to any appeal or other proceeding in the Supreme Court that originated in said county.' See s. 15, ch. 29615, 1955, Laws of Florida. The 1957 Legislature, however, amended the statute, deleting the sentence pertaining to `any appeal or other proceeding in the Supreme Court.' See ch. 57-251, Laws of Florida. Therefore, in considering s. 57.081(1), the courts have generally concluded that its provisions were not applicable to appellate proceedings. See,e.g., Lee v. City of Winter Haven, 386 So.2d 268 (2 D.C.A. Fla., 1980), wherein the court, in holding that s. 57.081(1) was not applicable to appellate cases, concluded that, as the statute had at one time been expressly applicable to appellate proceedings and as such language had been deleted, the Legislature must have intended that the statute would not be applicable to such proceedings. See also Latisi v. Florida Parole and Probation Commission, 382 So.2d 1355 (1 D.C.A. Fla., 1980), and Hillman v. Federal National Mortgage Association, 375 So.2d 336 (4 D.C.A. Fla., 1979).
The 1980 Legislature, however, amended the provisions of s.57.081(1). Whereas the statute had formerly established the right of `insolvent and poverty stricken persons' with `actionable claims or demands' to receive the services `of the courts, sheriffs, and clerks of the county in which they reside(d)' without charge and provided that no prepayment of costs to any judge, clerk, or sheriff `in the county' was required when a certification of `insolvency' had been obtained from the clerk, the 1980 amendatory legislation now applies to `any judicial or administrative agency proceedings.' In addition, language referring to `plaintiff's claim' has been supplanted by `the applicant's position.' In general terms, the 1980 statute unqualifiedly embraces any indigent who may be a party or intervenor in or who initiates `any judicial . . . proceeding.'See also s. 57.081(3), as amended by s. 1, ch. 80-348, Laws of Florida, which now provides that, if the `applicant prevails' (rather than `if plaintiff recovers'), the costs shall be taxed in his favor as provided by law and, when collected, shall be applied to pay costs which otherwise would have been required and which have not been paid.
It is a general rule of statutory construction that, when a statute is amended, it is presumed that the Legislature intended a change in the existing law. See, e.g., Capella v. City of Gainesville, 377 So.2d 658 (Fla. 1979); Reino v. State,352 So.2d 853 (Fla. 1977); Arnold v. Shumpert, 217 So.2d 116 (Fla. 1968); and State v. Burr, 84 So. 61 (Fla. 1920) (when an amendment is enacted, it must be assumed that a change in the existing law to the extent indicated by the nature of the amendment was intended unless a contrary intent appears). Cf. Webb v. Hill, 75 So.2d 596
(Fla. 1954) (the court cannot assume the Legislature would enact a law without some purpose in view.) As previously noted, the language contained in the 1979 statute had been held by the courts to exclude appellate proceedings. In amending the statute, it must therefore be assumed that the Legislature intended to change the existing law.
It is the intent of the Legislature which is controlling; thus, the Legislature's intent in amending the statute must be ascertained and given effect. See State v. Williams, 343 So.2d 35
(Fla. 1977); Smith v. City of St. Petersburg, 302 So.2d 756 (Fla. 1974); and American Bakeries Co. v. Haines City, 180 So. 524 (Fla. 1938) (the fundamental rule to which all other rules are subordinate in construction of statutes is that the intent thereof is law and should be duly ascertained and effectuated). Generally, the intent may be ascertained by a consideration of the language and purpose of the enactment. See Thayer v. State, 335 So.2d 815
(Fla. 1976) (to determine legislative intent, the court will look to the plain language of the statute); State v. Beardsley,94 So. 660 (Fla. 1922); and Vocelle V. Knight Bros. Paper Co.,118 So.2d 664 (1 D.C.A. Fla., 1960). Cf. Graham v. State, 362 So.2d 924
(Fla. 1978) (generally, words should be given their plain and ordinary meaning).
Section 57.081(1), F. S., as amended, refers to `any judicial . . . proceeding.' The term `any' is a flexible term; therefore, an examination must be made as to the manner in which it is being used in a given instance. When, however, the context so indicates, the term may be construed to mean `all,' `all or every,' or `every.' 3A C.J.S. Any, pp. 903-904. See also Webster's ThirdInternational Dictionary, Any p. 97; Ballentine's Law Dictionary,Any p. 80 (3rd ed. 1969); and Black's Law Dictionary (4th Rev. ed. 1968), Any p. 120 (`any' is given the full force of `every' or `all'). The phrase `judicial proceeding' has been held to include any proceeding wherein judicial action is invoked and taken. See
Black's Law Dictionary Judicial Proceeding pp. 986-987 (a proceeding in a legally constituted court); 1 C.J.S. Actions s. 1(h)(4), p. 957. Cf. Funnell v. Cannon, 577 P.2d 1287 (Okla. 1978), and Richeson v. Kessler, 255 P.2d 707 (Idaho 1953) (term `judicial proceeding' is not restricted to trials but includes every proceeding of a judicial nature before a court or official clothed with judicial or quasi-judicial power). It is well established that statutes using a wide or comprehensive term or word without qualification must be given an equally comprehensive meaning. See
Florida Industrial Commission v. Growers Equipment Co.,12 So.2d 889 (Fla. 1943), and State v. City of Jacksonville, 50 So.2d 532
(Fla. 1951). See also Florida State Racing Commission v. McLaughlin, 102 So.2d 574 (Fla. 1958). Applying this principle to the instant inquiry, the use of the phrase `any judicial . . . proceeding' in s. 57.081(1) appears to reflect an intention to embrace any and all of those proceedings to which the generality of the term extends. Therefore, in light of the interpretation of the 1979 statute by the courts and the subsequent amendments to s.57.081(1), F. S., by the 1980 Legislature, and in view of the comprehensive terms used in the amended statute, I am of the opinion that, subject to judicial determination to the contrary, the provisions of s. 57.081(1), as amended by ch. 80-348, Laws of Florida, relieving indigent persons from the prepayment of filing fees in civil proceedings, are applicable to civil appellate proceedings in the appellate courts.
AS TO QUESTION 2:
You inquire whether the clerks of the district courts of appeal are required to issue certificates of indigency or whether indigent appellants, as indicated by Fla.R.App.P. 9.430, must obtain an order of insolvency from the lower tribunal in order to proceed without prepayment of the appellate filing fee. Section57.081(1), F. S., as amended, provides that a certification of indigency shall be obtained from the clerk in `each proceeding' based upon an affidavit filed with the clerk that the applicant is indigent and unable to pay the charges otherwise payable by law. Rule 9.430 of the Fla.R.App.P., however, provides:
 A party who has the right to seek review without payment of costs shall file a motion in the lower tribunal, with an affidavit showing his inability to pay fees and costs or to give security therefor. If the motion is granted, the party may proceed without further application to the court and without prepayment of fees or costs in either the lower tribunal or the court or the giving of security therefor. If the motion is denied, the lower tribunal shall state in writing the reasons therefor. Review shall be by motion filed in the court.
Cf. Fla.R.Jud.Admin. 2.040(b)(3), stating in part that the clerk of the district court of appeal shall not exact payment in advance of filing fees in appears in which a party has been adjudicated insolvent for the purposes of an appeal.
I must necessarily decline to express any opinion concerning the application of Fla.R.App.P. 9.430 to your inquiry or its procedural supersession of any conflicting provisions of the statute under consideration. This office has no authority to interpret Rules of Court for the purpose of advising you on their applicability in a particular situation; rather, such opinion or direction would be within the exclusive prerogative of the judiciary which has the sole authority to promulgate such rules of procedure. As an administrative officer of the court which he serves, the clerk has no discretion to depart from the statutes or, if so directed by the court, the rules of court governing his duties. Cf. Pan American World Airways v. Gregory, 96 So.2d 669 (3 D.C.A. Fla., 1957). Therefore, insofar as civil proceedings by indigents in the appellate courts are concerned, the clerk is obliged to follow the dictates of the statutes or the commands of his court or the Supreme Court with respect to governing procedural rules of court. Cf. Fla.R.App.P. 9.010, providing that the rules of appellate procedure shall supersede all conflicting statutes. Any such supersession must be determined by the judiciary.
Prepared by: Staff