Mr. Wade H. Parsons Attorney for the Mat'lacha and Pine Island Fire Control District Post Office Box 2462 Fort Myers, Florida 33902
Dear Mr. Parsons:
This is in response to your request for an opinion on substantially the following question:
 WHETHER THE GOVERNING BODY OF THE MAT'LACHA AND PINE ISLAND FIRE CONTROL DISTRICT IS AUTHORIZED TO USE AD VALOREM TAX REVENUES TO FUND THE OPERATIONS OF THE DISTRICT'S EMERGENCY AMBULANCE SERVICE?
The Mat'lacha and Pine Island Fire Control District was created in 1963 by Ch. 63-1558, Laws of Florida. The governing body of the fire control district is the Mat'lacha and Pine Island fire control board and members are elected to serve four year terms. The board on behalf of the district `is authorized and empowered to buy, own and maintain a fire department within the district and to purchase, own and dispose of fire fighting equipment and property, real or personal, that the board may from time to time deem necessary or needful to prevent and extinguish fires within said district.' Section 3, Ch. 63-1558, Laws of Florida. For purposes of carrying out the purposes of Ch. 63-1558, the board annually is required to make an itemized estimate of the amount of money needed for the year which shall show for what purpose such moneys are required and the amount necessary to be raised by taxation within the district. Section 5, Ch. 63-1558. This estimate is presented to the Board of County Commissioners of Lee County which at the time or making and fixing the rate of annual taxation for county purposes `shall fix and cause to be levied on all property of [the fire control] district real and personal, a millage sufficient to meet the requirements of such estimate so made by said fire control board . . . .' There is, however, a two mill limitation that can be levied in any one year. Section 6, Ch. 63-1558. This ad valorem taxation was the sole means of financing the operation of the district's fire control and prevention functions provided by Ch. 63-1558.
In 1979, the state Legislature amended Ch. 63-1558, Laws of Florida, by enacting Ch. 79-501, Laws of Florida. Section 2 of Ch. 79-501, which created s 12 of Ch. 63-1558, granted the fire control board `the right, power and authority to buy, own, operate and maintain an emergency ambulance service within the District, and . . . the right, power and authority to levy special assessments upon certain properties located within the District as described in Section 13.' Section 3 of Ch. 79-501, which created s 13 of Ch. 63-1558, provides in pertinent part that `[t]he rate of such assessments for providing emergency ambulance service shall be fixed by the Fire Control Board,' and prescribes the maximum amount of the assessments. Further, s 4 of Ch. 79-501, grants the Fire Control Board the `right, power and authority to adopt a fee or service charge for ambulance service paid by the user.' The title of Ch. 79-501 states the purpose of the act to be essentially the `providing for emergency ambulance service,' and the above referenced provisions specify the only means of funding the operation and maintenance of the emergency ambulance service. You wish to know if the special assessments and the user fees or charges authorized by the act establish an exclusive method of financing the operation and maintenance of the emergency ambulance service authorized by Ch. 79-501, or whether additionally, the ambulance service may be supported by funds derived from ad valorem taxation.
The primary guide to interpretating a legislative enactment, in the absence of an express legislative direction, is to glean the legislative intent from the language of the law in its entirety. State v. Williams, 343 So.2d 35 (Fla. 1975); Thayer v. State,335 So.2d 815 (Fla. 1976); Smith v. City of St. Petersburg,302 So.2d 756 (Fla. 1974). The well-established principle of expressio uniusest exclusio alterius is applicable to Ch. 79-501. This principle requires that, when the enactment expressly provides the manner in which a thing is to be done then it impliedly prohibits the thing from being done in a different manner. While the law does not in express terms prohibit the doing of a thing in a different manner, the fact that the law has prescribed the manner in which the subject matter shall be done is itself a prohibition against a different manner of doing it. See, Thayer v. State, supra; Dobbs v. Sea Isle Motel, 56 So.2d 341 (Fla. 1952); Ideal Farms Drainage District v. Certain Lands, 19 So.2d 234 (Fla. 1944). Therefore, when the Legislature prescribes the manner of doing an act, the manner prescribed is exclusive, and it is beyond the power of executors of the law to carry out the law in a different manner. As noted above, the purpose of Ch. 79-501 was to `provid[e] for emergency ambulance service' and it specifically provided for the funding thereof by means of the prescribed special assessments and user fees or charges. No authority is granted the Fire Control Board or the Board of County Commissioners to raise any moneys by taxation or to levy or utilize any taxes to fund the establishment, operation and maintenance of the ambulance service. Sections 5 and 6 of Ch. 63-1558, which provide for an itemized estimate of the amount of money required to carry out the provisions of that law and authorize the Board of County Commissioners to levy a millage sufficient to meet the requirements of such estimate, up to a maximum of two mills, were not amended so as to authorize the levy or use of any taxes to fund the ambulance service. Had the Legislature desired to so fund the ambulance service by taxation *3349 or to authorize the use of taxes for such purpose, it could easily have provided therefor. In these circumstances and in view of the language of Ch. 79-501 and the rules of statutory construction stated above, I conclude that Ch. 79-501 does not authorize the district's governing board to use ad valorem revenues to fund or support the operation and maintenance of the district's emergency ambulance service.
In summary, until and unless legislatively or judicially determined otherwise, I am of the opinion that the levying of special assessments and the adoption of user fees or service charges as provided for in Ch. 79-501, Laws of Florida, are the exclusive methods of financing the operation and maintenance of the Mat'lacha and Pine Island Fire Control District's emergency ambulance service, and therefore, that the District Fire Control Board is not authorized by Ch. 79-501 to use ad valorem tax revenues to finance the district's ambulance service.
Sincerely,
Jim Smith, Attorney General
Prepared by: Craig Willis, Assistant Attorney General